UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STERLING FIRE RESTORATION, LTD., an Illinois corporation, | )<br>)<br>) |
| Plaintiff, | ) 12 C 3530<br>)<br>) Judge Feinerman |
| vs. | )<br>) |
| WACHOVIA BANK N.A. n/k/a WELLS FARGO BANK N.A., JPMORGAN CHASE BANK N.A., CHUBB & SON, a division of FEDERAL INSURANCE COMPANY, and YORK RISK SERVICES GROUP, INC., | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| YORK RISK SERVICES GROUP, INC., and CHUBB & SON, a division of FEDERAL INSURANCE COMPANY, | )<br>)<br>) |
| Counter-Plaintiffs/<br>Third-Party Plaintiffs, | )<br>)<br>) |
| vs. | )<br>) |
| STERLING FIRE RESTORATION, LTD., KNV INVESTMENT CORPORATION d/b/a EXECUTIVE PLAZA HOTEL AND BEST GARDENS RESTAURANT, and MIDWEST RESTORATION SERVICES, | )<br>)<br>)<br>)<br>) |
| Counter-Defendant/<br>Third-Party Defendants. | )<br>) |

**MEMORANDUM OPINION AND ORDER**

Sterling Fire Restoration, Ltd., brought this suit against Wells Fargo Bank N.A., JPMorgan Chase Bank N.A., Chubb & Son, and York Risk Services Group, Inc. Doc. 1. The complaint alleges that Chubb and York ("the Insurers") acted negligently by paying insurance proceeds to the insured rather than to Sterling, to which the insured owed money, and also that

Chubb tortiously interfered with Sterling's contract with the insured. The complaint further alleges that Wells Fargo and Chase ("the Banks") were negligent and violated § 3-110(d) of the Uniform Commercial Code ("UCC"), 810 ILCS 5/3-110(d), by accepting and paying out on two checks that had been endorsed by only one of the checks' jointly named payees.

The Insurers and the Banks separately moved to dismiss Sterling's claims under Federal Rule of Civil Procedure 12(b)(6). Docs. 12, 24. The court granted the Insurers' motion, and granted in part and denied in part the Banks' motion. 2012 WL 4932845 (N.D. Ill. Oct. 16, 2012). The negligence claims against all four defendants were dismissed with prejudice. *Id*. at *3-5, 9-10. The tortious interference claim was dismissed without prejudice to Sterling's attempting to replead the claim. *Id*. at *5-7. The UCC claim was allowed to proceed as to the second of the two checks. *Id*. at *9. But, relying on *American National Insurance Co. v. Citibank, N.A.*, 543 F.3d 907 (7th Cir. 2008) ("*ANICO*"), the court dismissed the UCC claim with prejudice as to the first check because Sterling was not a named payee on that check. 2012 WL 4932845, at *7-9.

Sterling has moved the court to reconsider the portion of its order dismissing the UCC claim as to the first check. Doc. 44. Sterling incorrectly styles its request as a motion under Federal Rule of Civil Procedure 59(e). Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." *See* Fed. R. Civ. P. 59(e). By its plain terms, Rule 59(e) pertains only to reconsideration of a "judgment." No judgment has been entered in this case. Where, as here, a party seeks reconsideration not of a judgment but of an interlocutory order, the motion is properly brought under Rule 54(b). Under that rule, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any

of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," unless, of course, a partial judgment is entered as to such an order. Fed. R. Civ. P. 54(b); *see Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012) (explaining that "a traditional Rule 59(e) motion to reconsider … can only follow a 'judgment'" and that "Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of judgment"). "Unlike the case in which a *judgment* is sought to be vacated … a motion to reconsider a *ruling* is constrained only by the doctrine of the law of the case." *Pickett v. Prince*, 207 F.3d 402, 407 (7th Cir. 2000); *see also Galvan*, 678 F.3d at 587-88 (applying the law of the case doctrine in reviewing a district court's decision to reconsider an interlocutory order under Rule 54(b)); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006) (same).

Although the law of the case doctrine is "highly flexible, especially when a judge is being asked to reconsider his own ruling," *Pickett*, 207 F.3d at 407, there are limits to the doctrine's flexibility. "As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. This rule of practice promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988) (citation and internal quotation marks omitted); *see also Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007) ("This presumption against reopening matters already decided reflects interests in consistency, finality, and the conservation of judicial resources, among others."). The Supreme Court has cautioned that although "[a] court has the power to revisit prior decisions of its own or a coordinate court in any circumstance, … as a rule courts should be loath[] to do so in the absence of extraordinary circumstances such as where the

initial decision was clearly erroneous and would work a manifest injustice." *Christianson*, 486 U.S. at 817 (internal quotation marks omitted). "[T]he law of the case doctrine permits a court to revisit an issue if an intervening change in the law, or some other special circumstance, warrants reexamining the claim." *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 796 (7th Cir. 2005). The doctrine also permits reconsidering a prior decision based on "newly discovered evidence." *Shore v. Warden, Stateville Prison*, 942 F.2d 1117, 1123 (7th Cir. 1991); *see also Zhang v. Gonzales*, 434 F.3d 993, 998 (7th Cir. 2006) (the "exceptional circumstances" that warrant a departure from the law of the case doctrine are "a change in the law, new evidence, or compelling circumstances").

Sterling asks the court to reconsider the partial dismissal of its UCC claim based upon what it considers to be newly discovered evidence. As noted above, the court dismissed the UCC claim as to the first check on the ground that Sterling was not a named payee on that check. Sterling argues that it should be allowed to proceed with that claim because non-party Foster Bank, which *was* a payee on the first check, has assigned its interest in that check to Sterling, thereby empowering Sterling to stand in Foster Bank's shoes with respect to any UCC claim that Foster Bank might have arising out of that check. The court was not informed of the assignment until Sterling's motion for reconsideration. But Sterling was aware of the assignment while the Banks' motion to dismiss was pending and well before the court issued its decision on that motion.

Sterling's motion to reconsider states that the assignment occurred "[o]n or about July 18, 2012"—the same day that Sterling filed its brief opposing the Banks' motion to dismiss. Doc. 34. In open court on November 5, 2012, Sterling explained that as of July 18, it had received only a facsimile copy of the assignment and was not certain that Foster Bank would in

fact provide Sterling with the original. But even if that justified some delay in bringing the assignment to the court's attention, Sterling acknowledged that it had received the original by late August or early September, several weeks before October 18, 2012, when the court ruled on the Banks' motion to dismiss. Sterling had plenty of time after receiving the original assignment to move to supplement its opposition brief with this highly relevant information; alternatively, Sterling could have mentioned it to the court at the status hearing held on September 25, 2012, at which the then-pending motions to dismiss were discussed. As the non-movant, Sterling was well within its rights to present facts from outside the pleadings in defending its UCC claim from dismissal. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (although "[a] motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," "a party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove"); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) ("a plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment"). Sterling also could have moved for leave to amend its complaint to place its UCC claim on different and firmer ground—*i.e.*, regardless of whether the first check's named payees are the only entities entitled to bring the UCC claim, Sterling had received from Foster Bank an assignment of its rights under that check. *See* Fed. R. Civ. P. 15(a)(2).

Instead, Sterling kept this crucial information to itself until after the court had expended substantial resources in ruling on the Banks' motion to dismiss, a ruling the court made in

reliance on its reasonable assumption that the parties had presented it with all pertinent information and argument. Indeed, from the court's colloquy with Sterling at the November 5 hearing, it appears that Sterling intended to keep the Foster Bank assignment in its back pocket unless the court ruled that only the first check's named payees had a right to bring a UCC claim against the Banks. Under these circumstances, the assignment cannot be considered *newly* discovered evidence within the meaning of the law of the case doctrine. *See Vidimos, Inc. v. Wysong Laser Co.*, 179 F.3d 1063, 1065 (7th Cir. 1999) (holding that "considerations of fact or law that were available when" the court's decision was made do not warrant an exception to the law of the case doctrine); *Schering Corp. v. Ill. Antibiotics Co.*, 89 F.3d 357, 359 (7th Cir. 1996) (in rejecting a request to depart from the law of the case doctrine, holding that the supposed "newly discovered evidence" was "not newly discovered" because "[i]t was there all along"). Revisiting a ruling in situations like this one would permit litigants to withhold from the court's attention arguments that are key to pending motions, knowing that they can raise those arguments for the first time if the motion is resolved against them. Such a state of affairs would be inimical to the "finality and efficiency of the judicial process," *Christianson*, 486 U.S. at 816, that the law of the case doctrine is intended to promote.

Sterling's failure to notify the court of information that might have supported its opposition to the Banks' motion to dismiss falls decidedly outside the category of "extraordinary circumstances" that could justify revisiting the court's resolution of that motion. Sterling's motion to reconsider is denied.

November 9, 2012

_____
United States District Judge